CJ-18-1301



*1039691398*

FILED IN DISTRICT COURT Andrews
OKLAHOMA COUNTY

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

MAR - 7 2018

RICK WARREN
COURT CLERK

96

CJ-2018-1301

| | |
|---|---|
| WARREN FIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CJ- |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## PETITION

COMES NOW Plaintiff, Warren Field and for his causes of action against Defendant State Farm Mutual Automobile Insurance Company (hereinafter, State Farm) alleges and states as follows:

1.     Warren Field is a resident of Oklahoma County, Oklahoma.

2.     On or about February 18, 2016, Plaintiff, Warren Field, was lawfully operating his vehicle westbound on Wilshire Road in Oklahoma City, Oklahoma, when a vehicle driven by Jason Andrew Trexler, failed to yield the right of way to Plaintiff and negligently drove his vehicle into the path of Plaintiff causing a collision which directly caused serious and permanent personal and bodily injuries to Plaintiff.

3.     The negligence of Trexler directly caused injuries and damages to Plaintiff, which are compensable under Oklahoma law, to wit: a) medical expenses, past and future; b) lost income, past and future; c) permanent injuries; d) scarring and disfigurement; e) permanent disability; f) physical pain, past and future; and g) mental pain, past and future.  Plaintiff's damages greatly exceed the liability insurance policy

limits carried by Trexler and therefore, Trexler is an uninsured motorist as defined by Oklahoma law.

4.    State Farm is a mutual insurance company licensed to write insurance in the State of Oklahoma. State Farm Mutual Automobile Insurance Company is a mutual insurance company and as such does not have any shareholders.

## FIRST CAUSE OF ACTION

5.    Plaintiff purchased automobile insurance coverage from Defendant, policy number 335 1699-B24-36B, which was in full force and effect on the date Plaintiff was injured by the uninsured motorist. Plaintiff paid all premiums due and has complied with all terms and conditions of said insurance contract.

6.    The contract of insurance between Plaintiff and Defendant was written, interpreted, enforced and adjusted by Defendant and contained coverage available to Plaintiff for bodily injury caused by an underinsured motorist up to $50,000.00.

7.    Plaintiff was severely injured in the collision caused by the uninsured motorist and consequently, received medical treatment for injuries for a period of years following the collision. All conservative treatments attempted by his physicians have failed to relieve his pain and limitations. Plaintiff will undergo a substantial surgical procedure in his shoulder, which, when combined with associated rehabilitation, will cost more than $30,000.00.   Mr. Field's medical expenses already incurred exceed $20,000.00. Mr. Field's damages recoverable under Oklahoma law for personal injuries due to a motor vehicle collision substantially exceed $75,000.00, which is the total amount of insurance applicable to his personal injury claim ($25,000.00 liability insurance carried

by the uninsured motorist and $50,000.00 of uninsured motorist benefits purchased by Mr. Field).

8. In March 2016, Mr. Field submitted his claims to Defendant, requesting that he be paid all of the applicable coverages which he bought. On January 23, 2017, after providing the Defendant with all of the information it requested, Defendant made a low-ball offer of $12,100.00 to Mr. Field, violating its duty to act in good faith, and to deal fairly with its insured. Defendant's representative then contacted counsel for Mr. Field and stated that the Defendant never considers future medical expenses when investigating bodily injury claims made by their insured. Almost two years have passed as of the date of the filing of this Petition and Defendant has continued to refuse to pay Mr. Field the policy limits for underinsured motorist coverages as lawfully requested.

9. Defendant has breached the terms of the insurance contract and as a direct result thereof, Plaintiff Warren Field has been damaged in the amount of all benefits due him under the automobile insurance contract for underinsured motorist benefits in the amount of $50,000.00.

## SECOND CAUSE OF ACTION

10. Defendant has failed and refused to conduct a timely, objective, fair, good faith investigation and evaluation of the claims submitted by Mr. Field. In fact, Defendant still, almost years after it received the claim, has failed and refused to talk to Mr. Field's co-workers, his superiors or his physicians, despite having the authority to do so, to fairly investigate and evaluate his claims. Instead, Defendant has made a low-ball offer to settle the claim for underinsured motorist coverage despite numerous requests

3

by Mr. Field for Defendant to simply pay the policy limits which he purchased. As a result of Defendant's refusal to properly investigate and evaluate Mr. Field's claim and low-ball settlement offer, Mr. Field has been forced to commence this litigation to obtain the insurance benefits to which he is legally entitled.

11.     The actions of the Defendant amount to a breach of its duty to deal fairly and in good faith with Mr. Field.

12.     As a direct result of the bad faith of Defendant, Mr. Field has sustained actual damages in excess of seventy-five thousand dollars ($75,000.00).

13.     Further, the actions of the Defendant were intentional and with malice and/or in reckless disregard of its duty to deal fairly and in good faith with Mr. Field and Defendant should be punished as provided by Oklahoma law in an amount in excess of seventy-five thousand dollars ($75,000.00).

WHEREFORE, Plaintiff, Warren Field prays for judgment for actual damages for breach of contract in excess of seventy-five thousand dollars ($75,000.00) against Defendant, State Farm Mutual Automobile Insurance Company; judgment for actual damages for breach of the duty of good faith and fair dealing in excess of seventy-five thousand dollars ($75,000.00) against Defendant State Farm Mutual Automobile Insurance Company; and judgment for punitive damages for breach of the duty of good faith and fair dealing in excess of seventy-five thousand dollars ($75.000.00) against Defendant State Farm Mutual Automobile Insurance Company, plus costs, interest, attorney fees and such other relief this Court deems just and proper.

MILLER & JOHNSON, PLLC

By: _____

Brad Miller, OBA #11437
J. Logan Johnson, OBA #12722
Weston H. White, OBA #21863
Jami Rhoades Antonisse, OBA #20612
1221 N. Francis Ave., Suite B
Oklahoma City, OK 73106
Telephone: (405) 896-4388
Fax: (405) 609-2995
bmiller@millerandjohnson.com
ljohnson@millerandjohnson.com
wwhite@millerandjohnson.com
jantonisse@millerandjohnson.com
Attorneys for Plaintiff