IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| WARREN FIELD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. CIV-18-284-C |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present claim asserting that Defendant acted in bad faith in resolving an uninsured motorist ("UM") claim he filed following an automobile accident. In February of 2016, Plaintiff was injured in an automobile accident. At that time, Plaintiff submitted his relevant medical records and bills to Defendant as part of a UM claim. According to Plaintiff, Defendant failed to properly evaluate his claim and he was forced to file the present action. Shortly after this lawsuit was filed, Defendant paid the policy limits on the UM claim, thereby extinguishing Plaintiff's breach of contract claim, leaving only the bad faith claim.

Defendant has given notice of its intent to issue subpoenas duces tecum to Plaintiff's medical providers. Plaintiff objects, arguing that the information sought by the subpoenas is irrelevant and contains privileged information. Plaintiff requests the Court quash the subpoenas. In support of his Motion, Plaintiff argues that his medical condition is no longer at issue, as the only surviving claim is his allegation of bad faith. Plaintiff notes that under governing Oklahoma law the question in a bad faith claim hinges on the

information that was available to the insurer at the time the claim was made. See Buzzard v. Farmer's Ins. Co., 1991 OK 127, 824 P.2d 1105, 1109, ¶ 14. That is, it is the knowledge and belief of the insurer at the time a decision was made on the claim that is the focus of a bad faith claim. Id. Thus, Plaintiff argues any information that State Farm may learn from the present subpoenas lacks relevance to the claims in this lawsuit.

In response, State Farm argues that Plaintiff has brought his medical condition back into issue in this action by his answer to Interrogatory No. 14 which states that he is seeking all damages recoverable for the anger, frustration, and humiliation he endured as a result of State Farm's refusal to pay the policy benefits. Pointing to this response, Defendant argues it is entitled to seek information from Plaintiff's medical providers to determine whether there were other potential causes for his anger, frustration, and humiliation, and/or whether or not he made mention of such sufferings to those medical providers.

The Court is unpersuaded by Defendant's arguments. As Plaintiff notes, the question in this bad faith claim is the information available to Defendant at the time it made the decision on the policy. Whether or not Plaintiff suffered some anger, frustration, or humiliation as a result of Defendant's actions does not reignite an investigation into his past medical issues. Certainly, Plaintiff will not be permitted to offer evidence that he sought medical care for his frustration, anger, or humiliation, that it raised his blood pressure, or other similar claims without producing supporting medical records to Defendant. In the event Plaintiff intends to pursue such claims, the Court will reconsider its decision to quash the present subpoenas. However, at this stage the Court finds the

material sought by Defendant via the subpoenas is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Accordingly, Plaintiff's Motion to Quash Subpoena Duces Tecum and Motion for Protective Order (Dkt. No. 20) is GRANTED. No party shall be required to respond to any of the subpoenas identified in the Motion to Quash. To the extent that any subpoena has previously been served and responded to, Defendant shall immediately destroy any documents received in response.

IT IS SO ORDERED this 16th day of January, 2019.

ROBIN J. CAUTHRON
United States District Judge