IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WARREN FIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-18-284-C |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present claim, asserting that Defendant acted in bad faith in resolving an underinsured motorist ("UIM") claim he filed following an automobile accident in February of 2016. At that time, Plaintiff submitted his relevant medical records and bills to Defendant as part of an UIM claim. According to Plaintiff, Defendant failed to properly evaluate his claim and he was forced to file the present action. Shortly after this lawsuit was filed, Defendant paid the policy limits on the UIM claim, thereby extinguishing Plaintiff's breach of contract claim, leaving only the bad faith claim.

Plaintiff has filed a Motion to Compel, arguing Defendant has failed to properly respond to certain discovery requests. Specifically, Plaintiff complains that Defendant has not provided a complete response to Requests for Production ("RFPs") Nos. 19-23, and Interrogatories 14 and 15. Plaintiff also seeks a ruling on the scope of a Fed. R. Civ. P. 30(b)(6) notice that he served on Defendant. Defendant has filed a separate Motion to Quash that Notice and limit the scope of the deposition. The Court will address Defendant's Motion within this Order.

Plaintiff's RFPs can be grouped into two categories: 19 and 20 seek information related to training of Defendant's employees who handle UIM claims in Oklahoma; 21-23 seek information related to use of the "Auto Injury Evaluation" or the "Auto Claim File."

The Court is not persuaded by Defendant's argument that the noted language makes the request overbroad. First, Defendant's argument fails to meet its obligation of demonstrating undue burden. "As the party resisting discovery, Defendants have the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." Horizon Holdings, L.L.C. v. Genmar Holdings, Inc., 209 F.R.D. 208, 213 (D. Kan. 2002) (citing Snowden v. Connaught Labs., Inc., 137 F.R.D. 325, 332 (D. Kan. 1991)). Second, as Plaintiff notes, there are other limiting phrases in the discovery requests that sufficiently apprise Defendant of the nature of the materials requested by Plaintiff. Accordingly, to the extent it has not already done so, Defendant is ordered to produce complete responses to RFPs 19 and 20 within 10 days of the date of this Order.

As for RFPs 21-23, Plaintiff argues Defendant's use of the noted computer analysis leads to the alleged low-balling. Plaintiff asserts that the information requested, along with the deposition, will provide him with evidence on this element of his case. In response, Defendant argues that Plaintiff misunderstands the nature of the computer materials. According to Defendant, neither of the items noted by Plaintiff are an evaluation, program, system, or tool. Defendant states these items are file prints rather than forms or evaluations. Defendant notes that once the deposition noticed by Plaintiff

occurs, Plaintiff will understand the use and purpose of the "Auto Claim File" and the "Auto Injury Evaluation." According to Defendant, this understanding will render moot Plaintiff's discovery requests on these matters.

After examining the materials provided by Plaintiff as examples of the "Auto Claim File" and the "Auto Injury Evaluation," the Court agrees that they appear to offer information relevant to Plaintiff's claims. Accordingly, Defendant shall produce responsive documents within 10 days of the date of this Order.

Plaintiff served a Rule 30(b)(6) Notice on Defendant seeking designation of a deponent to address the "Auto Injury Evaluation," the "Auto Claim File," and Defendant's creation and use of those items from 2015 to present (topics 1-4). Topic 5 sought testimony on Defendant's financial condition. Topic 6 sought a designee to testify as to the handling of Plaintiff's claim as measured against Defendant's "Auto Claim Manual" and "Our Commitment to Our Policyholders." Topics 7-9 sought a designee to address training provided to persons handling UIM claims. Finally, topic 10 sought testimony on a decision by Defendant to pay the balance of the UIM coverage after the present action was filed.

Defendant agrees to produce a deponent to address portions of topics 1 and 2, limited to the purpose and use of the referenced "Auto Injury Evaluation" and "Auto Claim File." Plaintiff asserts this agreement is too limited, as it is also necessary to address why the forms were created and how they are to be implemented.

As noted above in addressing the Motion to Compel on these issues, the Court agrees that deposition testimony on the forms is the most efficient means to understanding Defendant's use of them. This discovery necessarily must include the "why" and "how" for the forms as argued by Plaintiff. Accordingly, Defendant's Motion to Quash is denied as to topics 1 and 2.

Defendant argues Plaintiff's request as to topics 3 and 4 lacks relevance, as the request seeks information on claims other that Plaintiff's. According to Defendant, it evaluates each claim on its own merits and on a highly particularized basis. Thus, any information about other claims being entered into the "Auto Claim File" or the "Auto Injury Evaluation" do not bear on Plaintiff's claim here. Additionally, Defendant argues that to the extent Plaintiff seeks the information to support his punitive damages claim, that use would violate the Due Process Clause. Plaintiff argues this topic will allow it to discover information demonstrating Defendant's pattern and practice of using the forms.

Plaintiff has demonstrated that the requested information is discoverable. Defendant's objections do not persuade the Court otherwise. Accordingly, Defendant shall present a witness to testify as to topics 3 and 4.

Defendant asserts that it has presented documents which show its net worth for the years 2015-2017. Defendant argues that it will stipulate to the figures shown in those documents and therefore the information sought in topic 5 is cumulative, duplicative, and unnecessarily burdensome. In response, Plaintiff argues that Defendant has failed to offer

any reason why the requested discovery cannot occur. Plaintiff argues that it is entitled to deposition testimony to explain the financial statements so the jury can understand them.

Plaintiff has failed to offer any argument as to how the requested deposition testimony will not be duplicative to the documents already produced. Fed. R. Civ. P. 26(b)(1) imposes a proportionality limit on discovery. In this instance, the discovery sought by Plaintiff lacks proportionality in light of Defendant's produced documents and offered stipulation. To the extent Plaintiff believes additional explanation of the documents is needed, an expert could provide that information to the jury.

As for topics 7-9[1], the Court finds those topics are overbroad in temporal scope. Information from 2012-2014 lacks sufficient relevance to Plaintiff's claim arising from a 2016 injury. Accordingly, the topics shall be limited to the years 2015-2018.

Defendant requests the Court limit the length of the deposition to seven hours. Defendant notes that it intends to produce a single person to address the topics set forth herein.[2] Plaintiff objects, arguing the Court should permit a minimum of two days to complete the topics identified. The Court finds that one 8-hour day is adequate to address the topics permitted by the rulings herein. In the event Plaintiff demonstrates that

---

[1] It is unclear whether or not the parties have reached some agreement as to topic 9. Defendant's Motion lists it, along with others, as one "modified." However, the scope of any such modification is unclear. Plaintiff does not mention topic 9, making argument only on topics 7-8. However, because the general scope of topic 9 is the same as topics 7-8, the Court will include topic 9.

[2] Defendant notes that it would designate a separate individual to address topic 5; however, the Court has granted the Motion to Quash on that topic.

Defendant's designee was not prepared or was unduly evasive, a supplemental deposition, at Defendant's expense, may be ordered.

Finally, there remains Plaintiff's Motion to Compel on Interrogatories 14 and 15. These requests seek information on the number of UIM claims utilizing the "Auto Claim File" or the "Auto Injury Evaluation" in a certain manner. Defendant has failed to demonstrate the requested material is not properly discoverable. Accordingly, Defendant shall produce responses within 10 days of the date of this Order.

As set forth more fully herein, Plaintiff's Motion to Compel (Dkt. No. 32) is GRANTED in part. Likewise, Defendant's Motion to Quash (Dkt. No. 39) is GRANTED in part.

IT IS SO ORDERED this 8th day of April, 2019.

ROBIN J. CAUTHRON
United States District Judge